Memorandum: On appeal from an order determining, inter alia, that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in denying his request for a downward departure to a level one risk. We reject that contention. Although the court may, in the exercise of its discretion, “depart from the presumptive risk level even if the Board [of Examiners of Sex Offenders] does not recommend such a departure” (People v Johnson, 11 NY3d 416, 421 [2008]), a downward departure is warranted only “ ‘where “there exists ... [a] mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines” ’ ” (People v Hamelinck, 23 AD3d 1060, 1060 [2005]). Defendant must present “clear and convincing evidence of the existence of special circumstances to warrant a[ ] . . . downward departure” (id. [internal quotation marks omitted]; see People v Vaughn, 26 AD3d 776, 777 [2006]). Contrary to defendant’s contention, he *1213 has not established that his participation in a sex offender treatment program entitles him to a downward departure. Although “[a]n offender’s response to [sex offender] treatment, if exceptional, can be the basis for a downward departure” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006] [emphasis added]), here defendant failed to demonstrate by clear and convincing evidence that he had an exceptional response to sex offender treatment. Present — Smith, J.E, Peradotto, Garni, Lindley and Martoche, JJ.